Soott, J.
This is a proceeding in chancery to foreclose a mortgage. The suit was commenced in the lifetime of James Cather-wood, the mortgagor, and upon his death, was revived against his heirs, the present defendants.
The condition of the mortgage is as follows :
“ Whereas, the said James Oatherwood has this day executed to said Morris Hilton, his single bond of even date herewith, for the payment of the following notes of hand, to the above-named amount: first, three-several notes calling for seventy-eight dollars each, dated this day, signed by said Oatherwood, payable to Morris Hilton or order, the first payable on the 1st day of April, 1847; second, on the 1st day of April, 1848 ; and third, payable on the 1st of April, 1849. Also, one note of hand on Richard Sunderland, dated October 15, 1845, calling for two hundred dollars, and payable on the 1st day of April, 1849, assigned by James Oatherwood to Morris Hilton; also, two other notes, dated February 13, a. d. 1845, the first calling for six hundred dollars, payable the 1st day of April, 1849, signed by Isaac Robbins, and made payable to Richard Sunderland, and transferred by said Sunderland to James Oatherwood, and by said Oatherwood to Morris Hilton; the second calling for six hundred dollars, payable the 1st of April, 1850, dated and transferred as the first. Now, if the said James Oatherwood shall pay or cause to be paid the said several notes, to said Morris Hilton or his orders when the *89 same become due, with the interest that may accrue on the same, then these presents to be void, otherwise to remain in full force.”
*Tho pleadings and evidence in the case show, that all the notes mentioned in the condition of the mortgage, have been fully paid, except the note of Richard Sunderland, calling for §200, payable April 1, 1849, which was assigned by the mortgagor, Cather-wood, by indorsement in blank, to the plaintiff, Hilton.
It does not appear that the proper steps were taken, by demand and notice, at the maturity of the note, to charge Catherwood, as indorser. And Sunderland, the maker, being now insolvent, the question arises, whether, without such demand and notice, the plaintiff still retains his mortgage lien, as a security for the payment of this note.
It may be true, that no action could have been maintained upon the unpaid note in question, against the indorser; his liability? under the contract of indorsement, not having been fixed by demand and notice. But the question here is not as to the personal liability of the indorser, but as to the existing and continued lien of the mortgage, which may be' independent of all personal liability. It is clear that A may execute a valid mortgage to B to secure a debt owing solely by C. "Whether the mortgaged premises are still bound for the payment of this note, must depend on the terms and conditions of the mortgage itself.
Looking to the mortgage, wo find that several promissory notes are described in it, some of which the recitals show to have been assigned by the mortgagor to the mortgagee, and among these is this same §200 note of Richard Sunderland, which still remains unpaid, though long since due. The condition of defeasance is not that the mortgagor shall discharge all the obligations of his contract of indorsement, but that “the said James Catherwood shall pay, or cause to be paid, said several notes to said Morris Hilton, or his order, when the same become due, with the interest that may accrue on the same."
*This language is plain and explicit, and one of the notes being due and up'aid, the condition is broken.

Decree for complainant.

Brinkeehoee, C. J., and Sutliee, Peck, and Gholson, JJ., concurred.